IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MARVIN JACKSON, INDIVIDUALLY AND AS NEXT FRIEND FOR JOSHUA DAVID, A MINOR, RAE LYNN JACKSON, A MINOR, AND CAITLYNN JACKSON, A MINOR, AND AS REPRESENTATIVE OF THE ESTATE OF TIFFANY YVONNE JACKSON AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF TIFFANY YVONNE JACKSON, DECEASED, UNDER THE TEXAS WRONGFUL DEATH AND SURVIVAL STATUES, AND THERESA DAVID AND MORRIS DAVID<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY,<br><br>Defendant,<br><br>vs.<br><br>ALISSA RUT MORRISON-MURPHREE<br><br>Third Party Defendant | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ CIVIL ACTION NO. 2-04CV-215<br>JUDGE WARD<br>JURY TRIAL |

## ORDER APPROVING SETTLEMENT AND FINAL JUDGMENT

On _January 24_, 2006, came on to be heard the above-styled and numbered action wherein Marvin Jackson, Individually and as Next Friend for Joshua Levi David, a Minor, Rae Lynn Jackson, a Minor, and Caitlynn Leeanne Jackson, a Minor, and as Representative of the Estate of Tiffany Yvonne Jackson and on behalf of all those entitled to

1

recover for the death of Tiffany Yvonne Jackson, Deceased, under the Texas Wrongful Death and Survival Statutes, and Theresa David and Morris David are Plaintiffs and Ford Motor Company is Defendant.

The parties came in person and by and through their respective attorneys of record and made known to the Court that any previously made jury demands are waived, and that all matters of fact and things in controversy are submitted to the Court. The named parties announced to the Court that they had agreed to settle and compromise all issues, claims and causes of action now existing or that may hereafter arise between Plaintiffs and Defendant Ford Motor Company. The total amount of the settlement is confidential, the terms of which are described in a Confidential Compromise Settlement Agreement and Release (the "Settlement Agreement"), a copy of which was tendered to the Court for an in-camera review but not filed.

It is understood and agreed that Plaintiffs, in consideration for the Defendant's agreement to settle this controversy for the sums described in the Settlement Agreement will pay, discharge or indemnify and hold Defendant harmless for any and all outstanding unpaid hospital charges, hospital bills, medical bills, rights of reimbursement or other bills and expenses. It was pointed out to the Court that all parties have agreed that if this Order Approving Settlement is approved by the Court that neither Plaintiffs nor anyone claiming by, through or under them will be able to recover anything further of and from Ford Motor Company.

It having appeared to the Court that a potential conflict of interest exists between the adult Plaintiff, Marvin Jackson, and the minor children, Joshua Levi David, Rae Lynn Jackson, and Caitlynn Leeanne Jackson, in the division of the proceeds of the settlement, the Court has appointed Greg Love, a practicing attorney in this district in Texas, duly licensed and in good standing with the State Bar of Texas, as *Guardian Ad Litem* to represent the interests of Joshua

2

Levi David, Rae Lynn Jackson, and Caitlynn Leeanne Jackson; and said *Guardian Ad Litem* has been apprised of all matters of fact concerning this controversy and settlement thereof.

After reviewing the pleadings filed in this case, the Court heard evidence touching upon such compromise and settlement agreement, with reference to the material facts regarding the automobile accident, and all matters pertaining to the alleged liability of Defendant and the damages to Plaintiffs, as well as the capacity of the parties to prosecute this action as stated herein. Upon hearing the evidence, the Court is of the opinion that such settlement agreement is in the best interest of Plaintiffs and that the terms of the settlement agreement are in all respects reasonable. It is understood and agreed by the Plaintiffs that the payment of the monies herein described is in settlement of disputed claims, that Defendant has denied liability and continues to deny liability of whatever nature to the Plaintiffs. It is further understood and agreed that Defendant herein by this settlement agreement make no admission of liability to the Plaintiffs, nor to any other person, firm, corporation or other entity who did not assert a claim or file a lawsuit against Defendant, but rather that Defendant makes this settlement solely to purchase its peace and to avoid the vexation and expense of further litigation.

Accordingly, the Court makes the following findings and Orders:

The Court finds that Plaintiffs and Defendant Ford Motor Company have satisfactorily compromised and settled all of the issues involved herein.

The Court is of the opinion that the Settlement Agreement executed by the Plaintiffs is fair and equitable and that the same should be, and is hereby in all things approved, and the Court hereby specifically finds that the Settlement Agreement is in the best interests of the minors, Joshua Levi David, Rae Lynn Jackson, and Caitlynn Leeanne Jackson. The Court further finds that the amounts are to be paid in full satisfaction of any and all claims arising from

this accident which Plaintiffs have or might ever have against Ford Motor Company or its officers, directors, shareholders, owners, agents, servants and employees, and any dealer that sold the subject vehicle, new or used, and that under no legal or equitable theory may they hereafter recover either directly or indirectly any further sums by reason of any new suits, new theories, new or different claims, actions, cross-actions, counter-actions, or third-party actions, or other actions whatsoever, and further that this settlement and Order Approving Settlement shall fully bind any different personnel, personal representatives, administrators, guardians, or others representing the person or estate of any plaintiff herein named.

The Court hereby further finds that the minor Plaintiffs' allocation of the sum agreed upon as a compromise settlement figure in this action should be as reflected in the Settlement Agreement between the parties.

The Court further finds that the obligation to make periodic payments described herein may be assigned to Allstate Assignment Company and funded by annuity contracts issued by Allstate Life Insurance Company. In that regard, the Court finds that the requirements of Section 142.008 and 142.009 of the Texas Property Code have been met.

The Court further finds that any payments to be made after the death of a Payee, pursuant to the terms of the agreement between the parties, shall be made to the Estate of the deceased Payee. After the age of majority, each Payee may submit a change of beneficiary in writing to Assignee in a form acceptable to Assignee.

The Court further finds that upon completion of the assignment, Ford Motor Company shall have no further obligation to Plaintiffs, their heirs, and assigns; and the completion of the assignment shall operate as a full and complete release of this Order Approving Settlement.

The Court finds that the remainder of the agreed upon settlement amounts, as set forth in the Settlement Agreement between the parties are to be paid to Plaintiffs and their attorneys.

It is ordered by the Court that Plaintiffs herein do recover from Ford Motor Company the present cash sums and periodic payments reflected in the Settlement Agreement, which present cash sums are to be paid at the time this Order Approving Settlement is entered; and the Court accordingly orders that no execution or other process ever issue against Defendant Ford Motor Company and that Defendant Ford Motor Company is fully and finally released.

The Court approves the settlement entered into by the parties and finds that the claims of Plaintiffs against Defendant Ford Motor Company should be dismissed with prejudice; and that the Plaintiffs' claims, asserted or which could have been asserted herein against Defendant Ford Motor Company are fully satisfied in all respects, and that no execution shall ever issue herein.

It is ORDERED, ADJUDGED, and DECREED that all claims filed or which could have been filed by Marvin Jackson, Individually and as Next Friend for Joshua Levi David, a Minor, Rae Lynn Jackson, a Minor, and Caitlynn Leeanne Jackson, a Minor, and as Representative of the Estate of Tiffany Yvonne Jackson and on behalf of all those entitled to recover for the death of Tiffany Yvonne Jackson, Deceased, under the Texas Wrongful Death and Survival Statutes, and Theresa David and Morris David against this Defendant are dismissed with prejudice.

It is further ORDERED, ADJUDGED and DECREED that costs of Court incurred herein are taxed against the party incurring same.

It further appears to the Court that all sums and costs herein concerned have been fully paid as aforesaid by Defendant Ford Motor Company; and it is accordingly ORDERED,

ADJUDGED and DECREED that no execution shall issue hereon, this Order Approving Settlement being entered as paid and fully satisfied.

It is further ORDERED, ADJUDGED and DECREED that all relief requested or which could possibly be requested by any of the parties hereto which is not herein specifically granted is denied.

SIGNED the 24th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE

Doc ID ALBRJ-121766
08423-137

**APPROVED AND AGREED:**

SICO, WHITE AND BRAUGH, L.L.P.
900 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, TX 78470
(361) 653-3300
(361) 653-3333 (fax)

By: _____ with express permission
Brantley White
State Bar No. 00789722

ATTORNEYS FOR PLAINTIFFS

Doc ID ALBRJ-121766
08423-137

LAW OFFICES OF GREG LOVE
109 W. Tyler Street
Longview, TX 78601
(903) 230-5683
(903) 230-5684 (fax)

By: ______________________
Greg Love
State Bar No. 24013060

GUARDIAN AD LITEM FOR MINORS,
JOSHUA LEVI DAVID, RAE LYNN JACKSON,
AND CAITLYNN LEEANNE JACKSON

THOMPSON, COE, COUSIN, IRONS, L.L.P.
701 Brazos, Suite 1500
Austin, Texas 78701
(512) 708-8200
(512) 708-8777 (Fax)

By: ______________________
Ronald Wamsted
State Bar No. 20832000

BARTON FREEMAN
STATE BAR 00790717

ATTORNEY FOR DEFENDANT
FORD MOTOR COMPANY